# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50490 | **DATE** | 5/1/2003 |
| **CASE TITLE** | RUCKS, et al. vs. OWENS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Owens' motion to dismiss is granted and he is hereby dismissed as a defendant.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | MAY - 1 2003 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | 5-1-03 date mailed notice / SW mailing deputy initials |

Document Number: 15

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Marsha and Christopher Rucks, have filed a four-count complaint against defendants, Troy Owens, in his individual and official capacities as an Assistant State's Attorney for Boone County, and three city of Belvidere police officers, all of whom are also sued in both their individual and official capacities. The Ruckses allege various violations of their constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is Owens' motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The following facts are taken from the Ruckses' complaint and are assumed true for purposes of ruling on the motion to dismiss. Marsha worked as a correctional officer for Boone County up until December 13, 2001. On that date, the three Belvidere police officers searched the Ruckses' home, pursuant to a warrant, to look for evidence of controlled substances. The warrant was apparently based on Christopher's suspected drug use. Although the search came up empty, the Ruckses were arrested and taken down to the police station for questioning. They were then interrogated for three hours, during which time the officers used "fear, intimidation and coercion" against Marsha, causing her to "make a statement against her interest." After the interrogation, Owens "threatened to file felony drug and or [sic] conspiracy charges against [Marsha], if she did not immediately resign from her position as Correction Officer [sic]." Faced with this ultimatum, Marsha resigned. The Ruckses further allege defendants acted as they did "to punish [Marsha] because of her association with her husband, Christopher." Based on these facts, the Ruckses allege claims for "illegal interrogation" (Count I), abuse of process (Count II), unlawful arrest and detention (Count III), and violating their right to freedom of association under the First Amendment (Count IV). The only two counts that seem to be lodged against Owens are Counts II and IV.

Among other things, Owens raises the defense of absolute immunity in his motion to dismiss. Specifically, he argues that offering Marsha the choice between resigning or facing prosecution was akin to plea bargaining, for which courts have uniformly held prosecutors enjoy absolute immunity. See Mendenhall v. Goldsmith, 59 F.3d 685, 691-92 & n.10 (7th Cir.), cert. denied, 516 U.S. 1011 (1995); Arnold v. McClain, 926 F.2d 963, 967 (10th Cir. 1991); Pfeiffer v. Harford Fire Ins. Co., 929 F.2d 1484, 1492 (10th Cir. 1991); Schloss v. Bouse, 876 F.2d 287, 292-93 (2d Cir. 1989); Taylor v. Kavanagh, 640 F.2d 450, 453 (2d Cir. 1981). Indeed, the prosecutor who was sued in Arnold forced the same sort of choice upon the plaintiff in that case that Owens forced upon Marsha: resign from being a police officer or face prosecution for criminal perjury. In securing the plaintiff's resignation in this manner, the Tenth Circuit held the situation was analogous to a plea bargain, thereby entitling the prosecutor to absolute immunity. See Arnold, 926 F.2d at 967.

In response to this line of authority, the Ruckses argue Owens was "merely performing investigative functions normally performed by police officers or detectives." See Buckley v. Fitzsimmons, 509 U.S. 259, 269-70, 273 (1993) (holding that a "functional approach" is used to determine whether a prosecutor is entitled to absolute or qualified immunity and that the former covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is "intimately associated" with the judicial process, while the latter applies when a prosecutor acts in the role of an administrator or investigative officer rather than as an advocate); Mendenhall, 59 F.3d at 689 (same). Specifically, they claim Owens participated in Marsha's interrogation and used his threat of prosecution to coerce Marsha into making her "statement against interest." The problem with this is that it directly contradicts the Ruckses' own pleadings. In their complaint, they unequivocally allege Owens made his threat to prosecute *after* the interrogation was over. (Compl. ¶18) Quite simply, there is not a single allegation from which it could even remotely, let alone reasonably, be inferred that Owens had anything to do with the interrogation itself. The Ruckses' attempt to distinguish Arnold on its facts is also without merit. The court therefore finds Owens is entitled to absolute immunity for all of the § 1983 claims alleged against him.

That said, it is not clear from the Ruckses' pleadings whether their abuse of process claim (Count II) is brought under § 1983 or state law. Although they invoke this court's supplemental jurisdiction under 28 U.S.C. § 1367 to "entertain their claims arising under state law" (Compl. ¶¶1-2), they do not specify if Count II is one of those claims. Owens analyzes Count II as if it were, but the Ruckses do not respond at all to this argument. Instead, they insist in their response brief that Count II is a "cause of action based on abuse of process under § 1983." Given that clarification, and putting aside the rather doubtful standing of abuse of process as a separate constitutional tort, see Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001); Williams v. Heavener, 217 F.3d 529, 531 (7th Cir. 2000) (citing Albright v. Oliver, 510 U.S. 266 (1994)), the court finds Owens enjoys absolute immunity from Count II for the same reasons already discussed. As there are no other claims brought against Owens, he is dismissed from this case.

For the reasons stated above, Owens' motion to dismiss is granted and he is hereby dismissed as a defendant.