## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50490 | **DATE** | 10/2/2003 |
| **CASE TITLE** | Rucks vs. Owens | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants, Ernest, Berry, and Damon's, motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants summary judgment for defendants on all claims and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | OCT - 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | | 10-2-03 date mailed notice | |
| /LC | courtroom deputy's initials | 03 OCT -2 PM 2: 25 FILED-YO Date/time received in central Clerk's Office | Sw mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff's, Christopher Rucks and Marsha Rucks, filed a four-count complaint against defendants, Troy Owens, Boone County assistant state's attorney, and Belvidere police officers, Ernest, Berry, and Damon, in their individual and official capacities, alleging, pursuant to 42 U.S.C. § 1983, a claim based on a coercive interrogation of Marsha Rucks, a claim based on an abuse of process related to Marsha Rucks, a claim of unlawful arrest of both plaintiffs, and a claim of interference with Marsha Rucks's First Amendment freedom to associate. Owens was dismissed from this case in an earlier order. The remaining defendants seek summary judgment based on qualified immunity. For the following reasons, the court grants defendants' motion for summary judgment and dismisses this cause in its entirety.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003).

The court will address the unlawful arrest claim first. In that regard, plaintiffs contend that their arrests in their home were unlawful because defendants did not have an arrest warrant and because the arrests were not supported by probable cause.

The dispositive issue as to the warrantless arrest claim is whether the Fourth Amendment permits the arrest of an individual in his home when the police gain lawful entry with a search warrant but base the arrest on probable cause that pre-existed the entry into the home. In a case directly on point, the First Circuit Court of Appeals held that such an arrest is valid. United States v. Winchenbach, 197 F. 3d 548, 553-54 (1st Cir. 1999). This is so because the existence of a valid search warrant justifies the entry into the home which is the concern of Payton v. New York, 445 U.S. 573 (1980). Winchenbach, 197 F. 3d at 553. A leading Fourth Amendment scholar agrees with this view. 3 Wayne R. LaFave, Search and Seizure § 6.1(c), at 245 (3d ed. 1996). The Seventh Circuit has also implied as much. See United States v. Price, 888 F. 2d 1206, 1209 (7th Cir. 1989). Federal courts have also ruled in a similar context that the police may arrest a person in his home without an arrest warrant when, after gaining entry with a search warrant, they develop probable cause while in the home. See, e.g., Jones v. City and County of Denver, 854 F. 2d 1206, 1209 (10th Cir. 1988). This court adopts the reasoning of the First Circuit in ruling that the warrantless arrest in this case was not unlawful. Thus, plaintiffs have failed to state a claim in that regard.

Plaintiffs also contend their arrests were unlawful because defendants lacked the probable cause to arrest them. If defendants had probable cause to arrest plaintiffs, then no Fourth Amendment claim can be maintained. See Thompson v. Wagner, 319 F. 3d 931, 934 (7th Cir. 2003). Probable cause for an arrest exists if an officer reasonably believes, in light of the facts and circumstances within his knowledge at the time of the arrest, that the suspect has committed an offense. Thompson, 319 F. 3d at 934. In the context of qualified immunity, as raised by defendants here, a reasonable but mistaken belief that probable cause exists is sufficient to sustain qualified immunity. Thompson, 319 F. 3d at 935. Thus, a plaintiff has a difficult hurdle to clear in getting around the defense of qualified immunity in a probable cause to arrest situation. Thompson, 319 F. 3d at 935.

Here, defendants had ample reason to believe probable cause existed that both plaintiffs were involved in illicit possession and use of marijuana. They had received information from two different individuals about plaintiffs' involvement with marijuana. Bower told the police he had been present on several occasions when Christopher Rucks purchased marijuana from Hatcher. When the police arrested Hatcher they discovered over a pound of marijuana in his possession. Bower also reported that Christopher Rucks was interested in purchasing an ounce of marijuana for both himself and Marsha Rucks and that they had agreed to the price. Christopher Rucks also told Bower that his supplier, Hatcher, had been arrested. When Bower went to plaintiffs' new residence to discuss the sale of marijuana and was turned away, he reported smelling the strong odor of cannabis emanating from inside the home.

Hatcher, in turn, told the police that he had sold Christopher Rucks marijuana on a weekly basis for about four years. Hatcher also stated that he had smoked marijuana with both Christopher and Marsha Rucks on several occasions. He also described how Marsha Rucks had driven Christopher Rucks to Hatcher's apartment to pick up marijuana.

This evidence, in its totality, gave defendants the probable cause to arrest both plaintiffs for possession and use of marijuana. While plaintiffs make much of the "inherently unreliable" information of Bower and Hatcher, the information had sufficient indicia of reliability to justify its use by the police. For example, the information Hatcher provided was detailed in a manner likely to have been based on first-hand knowledge. Hatcher also implicated himself when providing such information. There was also a degree of correlation between the information provided by Bower and Hatcher.

Even if probable cause did not exist, defendants are qualifiedly immune because a reasonable officer would have believed it existed. Thus, defendants are entitled to summary judgment on the unlawful arrest claim on that basis as well.

The court also grants summary judgment on plaintiffs' claim that Marsha Rucks was subjected to a coercive interrogation in violation of her Fifth Amendment right against self-incrimination. Because there was no use of any statements given by Marsha Rucks in a criminal prosecution against her, any mere coercive interrogation (an issue the court need not decide) does not violate the Self-incrimination Clause of the Fifth Amendment, and plaintiffs cannot maintain a section 1983 claim in that regard. See Chavez v. Martinez, 123 S. Ct. 1994 (2003). Even if plaintiffs relied on substantive due process under the Fourteenth Amendment they would lose as the undisputed facts here do not show any egregious or conscious shocking behavior by defendants in interrogating Marsha Rucks. See Chavez, 123 S. Ct. at 2005.

As for plaintiffs' abuse of process claim, that is one they characterize as being brought "under § 1983." The Seventh Circuit has held that to the extent a plaintiff seeks to pursue an abuse of process claim as a denial of due process it is without recourse if state law provides an adequate remedy. Smart v. Board of Trustees of the University of Illinois, 34 F. 3d 432, 434 (7th Cir. 1994); see also Newsome v. McCabe, 256 F. 3d 747, 751-52 (7th Cir. 2001) (holding no constitutional tort for malicious prosecution based on due process where state law provides a remedy).

Here, while anything but clear, plaintiffs allege in their complaint that defendants abused process by "forcing Marsha Rucks to make a statement against her interest and force[ing] her to resign under threat of felony charges." Plaintiffs also assert in their brief that defendants abused process when they attempted to "secure her resignation as a result of their alleged illegal activities [referring to the arrest and interrogation]." The court reads this language as a form of due process claim which is not cognizable as a constitutional tort. To the extent plaintiffs are attempting to press a Fourth Amendment claim, such claim also fails because no Fourth Amendment violation occurred in this case. As for the claim being based upon the Fifth Amendment right against self-incrimination, there is no authority for a claim on that basis.

The final claim, an alleged denial of Marsha Rucks's First Amendment freedom to associate with her husband fails because there is no evidence in this case that defendants in any way investigated, arrested, or interrogated Marsha Rucks "because of her marriage to Chris Rucks." The only relationship that Marsha and Christopher Rucks's marriage to one another had with defendants' conduct in this case was the mere fact they were implicated together in criminal activity. This claim fails because, under the undisputed facts, there is no evidence that defendants were motivated by the fact that Marsha Rucks was married to Christopher Rucks.

The court notes that plaintiffs have named defendants in their official as well as individual capacities which effectively creates potential liability against the City of Belvidere. Defendants have moved for summary judgment on qualified immunity grounds only and have not sought summary judgment as to the official capacity claims. Nonetheless, the court grants summary judgment on the official capacity claims as well for the following reasons.

If a court finds no constitutional violation was committed by a defendant, then there can be no liability against a municipality under Monell v. New York City. Dept. of Soc. Serv., 436 U.S. 658 (1978). City of Los Angeles v. Heller, 475 U.S. 796, 798 (1986); Thompson v. Boggs, 33 F. 3d 847, 859 (7th Cir. 1994). The same is true in the context of qualified immunity if the court rules there was no constitutional violation in the first instance. See Mace v. City of Palestine, 333 F. 3d 621, 625 (5th Cir. 2003); Hoard v. Sizemore, 198 F. 3d 205, 221-22 (6th Cir. 1999). Because this court has found defendants committed no constitutional violations as its basis for granting summary judgment to defendants in their individual capacities, the court necessarily grants summary judgment to defendants in their official capacities as well.

Further, to maintain an official capacity suit, a plaintiff must allege and show the existence of an official policy or custom which resulted in a constitutional injury. Sivard v. Pulaski County, 17 F. 3d 185, 188 (7th Cir. 1994). Plaintiff has failed to do so here. Thus, the court grants summary judgment to defendants in their official capacities on this basis also.

For the foregoing reasons, the court grants summary judgment as to all claims and dismisses this cause in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Marsha Rucks, et al.  **JUDGMENT IN A CIVIL CASE**

v.  Case Number: 02 C 50490

Troy Owens, et al.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court grants summary judgment for defendants on all claims and dismisses this cause in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 10/2/2003

Susan M. Wessman, Deputy Clerk